NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID M. SHIPP,**
*Petitioner,*

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent.*

---

2012-3141

---

Petition for review of the Merit Systems Protection Board in SF300A110321-I-1.

---

Decided: December 13, 2012

---

DAVID M. SHIPP, of Kent, Washington, pro se.

ELLEN M. LYNCH, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, REGINALD T. BLADES, JR., Assistant Director.

————————————————

Before LOURIE, BRYSON, and WALLACH, *Circuit Judges*.

PER CURIAM.

DECISION

David M. Shipp seeks review of a decision of the Merit Systems Protection Board denying his appeal of decisions by the Department of Health and Human Services ("HHS") not to select him to fill any of five vacancies for which he applied. We affirm.

BACKGROUND

Mr. Shipp was employed as a GS-12 chemist with HHS until November 24, 2006, when he was removed for unacceptable performance. Mr. Shipp appealed his removal, but his appeal was dismissed when the parties entered into a settlement agreement terminating the dispute. Mr. Shipp later expressed dissatisfaction with the terms of the settlement and petitioned the full Board for review of the initial decision that dismissed as settled his appeal from the agency's removal action. On November 21, 2007, the full Board dismissed Mr. Shipp's petition for review as untimely but forwarded his allegations of agency noncompliance with the settlement agreement to one of the Board's regional offices to be docketed as a petition for enforcement of the settlement agreement. The regional office denied the petition for enforcement, and on July 3, 2008, the full Board denied Mr. Shipp's petition for review of that decision. Although the Board's November 21, 2007, order advised Mr. Shipp that if he wished to obtain review of that decision he needed to file a petition with this court within 60 days of receipt of the order, he did not file an appeal with this court during that

60-day period or within 60 days of the Board's July 3, 2008, order.

In his informal brief, Mr. Shipp contends that he did not file a petition for review with this court because he had alleged that racial discrimination had played a role in his separation and because he believed that the fact that his claim was based in part on discrimination prohibited him from prosecuting an appeal to this court. Instead, Mr. Shipp filed a petition with the Equal Employment Opportunity Commission ("EEOC") seeking review of the Board's final order. On August 29, 2008, however, the EEOC ruled that it lacked jurisdiction over the Board's enforcement decisions and therefore dismissed the petition.

The EEOC informed Mr. Shipp in writing that he had 30 days to file a civil complaint based on his allegations in federal district court. Following those instructions, as well as the Second Circuit's decision in *Downey v. Runyon*, 160 F.3d 139 (2d Cir. 1998), which held that a district court could exercise jurisdiction to review a non-merits decision of the Board, Mr. Shipp brought suit in the United States District Court for the Western District of Washington, challenging both the settlement agreement and his removal from federal service. The district court dismissed the complaint on March 2, 2009, and the Ninth Circuit affirmed the dismissal on the grounds that only this court has jurisdiction to review the Board's dismissal of an untimely petition. *Shipp v. Sebelius*, 369 Fed. Appx. 861 (9th Cir. 2010). The Supreme Court denied Mr. Shipp's petition for a writ of certiorari on November 1, 2010. At no point did Mr. Shipp appeal the Board's decision to this court.

At the time of the district court and Ninth Circuit decisions, a majority of the circuits, including this court, had held that a Board decision not reaching the merits of an underlying discrimination claim—such as a Board decision holding that an appeal was untimely or outside the Board's jurisdiction—belonged in this court rather than in a federal district court. *See Lang v. Merit Sys. Prot. Bd.*, 219 F.3d 1345, 1347 n.2 (Fed. Cir. 2000); *Austin v. Merit Sys. Prot. Bd.*, 136 F.3d 782, 784 (Fed. Cir. 1998). The Supreme Court, however, has recently held that such cases should be brought in the district courts, not in this court. *Kloeckner v. Solis*, No. 11-184 (Dec. 10, 2012).

Meanwhile, between October and December of 2010, Mr. Shipp applied for five employment vacancies within HHS, including two openings for a chemist and three for an interdisciplinary scientist. When he was not selected for any of those positions, Mr. Shipp appealed to the Board, alleging that HHS had employed a "hidden" qualification requirement, namely that an applicant must have a Ph.D., in violation of 5 C.F.R. § 300.103. He also alleged racial discrimination and retaliation for filing an equal employment opportunity complaint. The appeal initially included a request to reopen his 2007 case, but Mr. Shipp withdrew that request after the Chief Administrative Law Judge informed him that a request to reopen had to be filed separately.

As a preliminary matter, the Chief Administrative Law Judge found Mr. Shipp's appeal untimely as to three of the vacancies, but found good cause to excuse the untimely filing. Mr. Shipp sought discovery regarding the performance of other candidates for those positions, as well as responses to interrogatories posed to several of HHS's witnesses. Those requests followed significant discovery that had already been granted to Mr. Shipp. In

particular, HHS had disclosed a list of certified candidates along with their educational backgrounds and job experience. The Chief Administrative Law Judge denied the additional discovery requests.

On the merits, the Chief Administrative Law Judge denied Mr. Shipp's appeal with regard to each vacancy. As to one opening, Mr. Shipp had failed to submit a required form. Two other vacancies remained unfilled, and the Chief Administrative Law Judge concluded that HHS did not require applicants to have a Ph.D. to be considered for the final two positions. Mr. Shipp then petitioned the full Board for review, alleging that the Chief Administrative Law Judge had failed to consider his allegations of racial discrimination and retaliation. The Board denied his petition on March 30, 2012, noting that its jurisdiction under 5 C.F.R. § 300.104(a) extended only to improper employment practices applied to an applicant by the Office of Personnel Management ("OPM") affecting the recruitment, measurement, ranking, and selection of individuals for employment, not to isolated incidents of alleged discrimination or retaliation. Mr. Shipp now timely appeals to this court.

## DISCUSSION

1. Mr. Shipp devotes much of his argument to disputing the Board's 2007 decisions, rendered more than five years ago, regarding his separation and settlement agreement. This court lacks jurisdiction to consider those issues because Mr. Shipp "did not file a petition for review with this court within 60 days of the date he first received notice of the final order of the Board." *Oja v. Dep't of the Army*, 405 F.3d 1349, 1350 (Fed. Cir. 2005); *see* 5 U.S.C. § 7703(b)(1).

Mr. Shipp contends that he did not realize the Board's 2007 decision dismissing his appeal as settled was final because it forwarded his complaints to be docketed as a petition for enforcement to the regional office, which in turn considered and acted on the petition. He further argues that, because his objections to his separation and the resulting settlement agreement involved allegations of racial discrimination, he reasonably believed it was proper to pursue his complaint through the EEOC and then the district court.[1] He points to Rule 15(c) of this court's Rules of Practice, which deters petitioners from filing appeals containing discrimination claims to this court. He argues that HHS validated his belief by failing to promptly challenge the EEOC's jurisdiction over his complaint. By the time the EEOC dismissed Mr. Shipp's complaint, the 60-day period for him to appeal to this court had almost run out. He therefore requests that this court treat the deadline set by section 7703(b)(1) as equitably tolled.

However, "the time period prescribed by section 7703(b)(1) cannot be tolled." *Oja*, 405 F.3d at 1357. That "period for appeal is statutory, mandatory, [and] jurisdictional." *Monzo v. Dep't of Transp.*, 735 F.2d 1335, 1336 (Fed. Cir. 1984). Moreover, even if this court could toll the deadline, and even if we accepted Mr. Shipp's explanation as true, he has not provided good cause for his delay. The Board explicitly notified him in writing that, if he desired judicial review of its 2007 decision, he was required to petition this court "no later than 60 calendar days after" the Board's decision became final. In addition, even after the district court and the Ninth Circuit dismissed his

---

[1] Indeed, the Supreme Court's decision in *Kloeckner v. Solis* strengthens Mr. Shipp's argument that his belief was reasonable even at the time.

case, Mr. Shipp still did not appeal the Board's original 2007 decision to this court. Instead, he applied for five new positions and appealed the resulting adverse decisions, only then adding to that appeal the claims in which he sought to challenge his original separation and settlement agreement. Because the time period to appeal the Board's 2007 decision has long since expired, the court lacks jurisdiction to consider Mr. Shipp's objections.

Finally, the Supreme Court's recent decision in *Kloeckner v. Solis* makes clear that even if Mr. Shipp's effort to appeal to this court from the Board's decision regarding his removal and the ensuing settlement agreement were not time-barred, this court would still lack jurisdiction to hear that appeal because it raises a discrimination claim. For all those reasons, Mr. Shipp's 2007 appeal is not properly before this court.

2. With respect to his challenge to his nonselection for any of the five employment positions with HHS, Mr. Shipp asserts two errors. First, he argues that the Chief Administrative Law Judge improperly denied his discovery requests. Second, he maintains that the Board erred in finding that it lacked jurisdiction over his allegations of racial discrimination and retaliation.

The Board's rulings on discovery issues are reviewed for abuse of discretion. *Kirkendall v. Dep't of the Army*, 573 F.3d 1318, 1321 (Fed. Cir. 2009). Mr. Shipp cannot prevail on his discovery claim "unless [the] abuse of discretion is clear and is harmful." *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed.Cir.1988). The Board did not abuse its discretion in denying Mr. Shipp's discovery requests. The requests sought information regarding the relative merits of the other candidates who applied to fill the five vacancies. HHS had already pro-

vided Mr. Shipp with a list of the candidates who were certified as eligible for the positions, along with each candidate's educational background and prior job experience, but Mr. Shipp also requested the candidates' responses to HHS's online questionnaires and interview questions. The Chief Administrative Law Judge did not abuse her discretion in concluding that those additional requests were not designed to prove the alleged Ph.D. requirement at issue, but rather to determine whether the other applicants were more qualified than Mr. Shipp. Because the Board's jurisdiction is limited to considering employment practices in general, not HHS's conduct in Mr. Shipp's specific case, the question of whether certain applicants were more qualified overall was irrelevant. The Chief Administrative Law Judge acted well within her discretion in ruling that those requests were not reasonably calculated to discover admissible evidence regarding the alleged Ph.D. requirement. *See* 5 C.F.R. § 1201.72. Mr. Shipp also sought to pose interrogatories to several of HHS's witnesses, but he did not identify any relevant topic that those interrogatories would explore or any admissible evidence they might uncover. The Chief Administrative Law Judge therefore properly denied those requests.

Second, Mr. Shipp argues that the Board had jurisdiction over his racial discrimination and retaliation claims and should have ruled on them. As a general matter, however, an agency's failure to select an applicant for a vacant position is not appealable to the Board. *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998). Mr. Shipp claims an exception to that general principle because he alleges he was the victim of racial discrimination and retaliation for lodging an equal employment opportunity complaint against HHS. The Board, however, correctly concluded that the alleged discrimination

and retaliation, even if accepted as true, would amount only to an isolated incident affecting Mr. Shipp individually. "[A]n individual agency action or decision that is not made pursuant to or as part of a rule or practice of some kind does not qualify as an 'employment practice.'" *Id.* at 887; *see* 5 C.F.R. § 300.104. Mr. Shipp has not identified a policy of discrimination or retaliation promulgated by OPM or practiced by HHS, so the Board correctly held that it lacked jurisdiction over his retaliation and discrimination claims.

To the extent Mr. Shipp challenges the Chief Administrative Law Judge's decision on the merits regarding each of the five vacancies, those rulings were supported by substantial evidence. Mr. Shipp's failure to submit a required form, not any hidden employment practice, disqualified him from one vacancy. Nor did he identify a hidden employment qualification regarding the two vacancies that were not even filled. As to the final two positions, the Chief Administrative Law Judge credited the testimony of an OPM human resources specialist who testified that there was no requirement that an applicant have a Ph.D., and that OPM used the position description, normal qualification standards, and other openly considered evaluative tools to fill the positions at issue. Finding no error on any issue over which we have jurisdiction, we sustain the Board's decision.

No costs.

**AFFIRMED**