NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DARRALYN C. COUNCIL,**
*Petitioner,*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2010-3019

---

Petition for review of the Merit Systems Protection Board in AT0752090091-I-1.

---

Decided: June 11, 2010

---

DARRALYN C. COUNCIL, of Orlando, Florida, pro se.

ELIZABETH A. SPECK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before RADER, *Chief Judge*, NEWMAN, and PLAGER,
*Circuit Judges*.

PER CURIAM.

Darralyn C. Council seeks review of a decision of the Merit Systems Protection Board ("Board") sustaining his removal from the Department of Veterans Affairs ("VA" or "agency").[1]  Because we lack jurisdiction to review the Board's decision, we dismiss the appeal.

The agency removed Mr. Council from his position as a supply technician at the VA Medical Center ("VAMC") in Orlando, Florida.  The charges against him related to his alleged improper retention of documents containing sensitive patient information from his prior employment at the VAMC in Houston, Texas.  The agency became aware that Mr. Council possessed these documents during discovery in connection with one of several Equal Employment Opportunity ("EEO") complaints filed by Mr. Council alleging discrimination at the Houston VAMC.

Mr. Council appealed his removal to the Board.  The administrative judge assigned to the case rejected his claim that he was wrongfully terminated as well as his claims that he was subjected to discrimination based on race and that the agency's action was in retaliation for his prior EEO activity.  The administrative judge's decision became the final decision of the Board when the Board denied Mr. Council's petition for review.

We agree with the Government that this matter must be dismissed because it is a "mixed" case.  A mixed case is

---

[1]    *Council v. Dep't of Veterans Affairs*, No. AT-0752-09-0091-I-1 (June 11, 2009) (initial decision); *Council v. Dep't of Veterans Affairs*, No. AT-0752-09-0091-I-1 (Oct. 8, 2009) (final order denying petition for review).

one in which an employee has been affected by an agency action that is appealable to the Board and alleges that discrimination was a basis for the action. *See* 5 U.S.C. § 7702(a)(1); *Williams v. Dep't of the Army*, 715 F.2d 1485, 1487 (Fed. Cir. 1983) (en banc). This court lacks jurisdiction to review the Board's decision on the merits in a mixed case unless the discrimination claim is waived. *Lang v. Merit Sys. Prot. Bd.*, 219 F.3d 1345, 1347 n.2 ("If an individual wishes to appeal to this court from an unfavorable decision in a mixed case, he must abandon his discrimination claim and proceed before us solely with respect to the adverse personnel action."). If an employee wishes to challenge the Board's decision regarding both discrimination and non-discrimination claims, judicial review is available in the federal district courts, which have exclusive jurisdiction over mixed cases. *Williams*, 715 F.2d at 1491.

Mr. Council alleged before the Board that discrimination and retaliation were among the bases for the agency's removal decision, and he has not waived those claims on appeal. On the statement concerning discrimination that he filed pursuant to Federal Circuit Rule 15(c), Mr. Council did not check the box indicating that any claim of discrimination "has been abandoned or will not be raised or continued in this or any other court."[2] Furthermore, Mr. Council continues to raise allegations of discrimination and retaliation in the briefs he has filed with this court. In addition, Mr. Council has filed a case in the United States District Court for the Middle District of

---

[2] Mr. Council checked the box indicating that he seeks review only of the Board's dismissal for lack of jurisdiction or untimeliness, issues that are not relevant in this case because the Board did not dismiss the appeal for lack of jurisdiction or untimeliness.

Florida[3] that includes claims of wrongful discharge, discrimination, and retaliation, the same claims at issue in this appeal.  Because Mr. Council has not waived his discrimination claims, we dismiss the appeal for lack of jurisdiction.

**DISMISSED**

---

[3]  *Council v. Shinseki*, No. 6:09-cv-01406-MSS-GJK (M.D. Fla. filed Aug. 11, 2009).