NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DARRALYN C. COUNCIL, SR.,**
*Petitioner,*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2012-3168

---

Petition for review of the Merit Systems Protection Board in No. AT1221120027-W-1.

---

Decided: April 4, 2013

---

DARRALYN C. COUNCIL, SR., of Orlando, Florida, pro se.

RUSSELL J. UPTON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director.

---

Before NEWMAN, BRYSON, and DYK, *Circuit Judges.*

PER CURIAM.

## DECISION

Darralyn C. Council, Sr., appeals the decision of the Merit Systems Protection Board affirming his removal from employment with the Department of Veterans Affairs ("DVA"). Because this is not Mr. Council's first adjudicated appeal of that removal decision, we affirm the Board's decision that his appeal is barred by res judicata.

## BACKGROUND

Mr. Council began his federal employment at the Veterans Affairs Medical Center ("VAMC") in Houston, Texas, where he served as a Prosthetic Representative Trainee. On May 13, 2007, Mr. Council was demoted to the position of Purchasing Agent. Later that year he was hired as a Human Resources Assistant at the VAMC in Orlando, Florida, before being reassigned, per his request, as a Supply Technician. After arriving in Orlando, Mr. Council lodged a number of complaints against the DVA before the Equal Employment Opportunity Commission ("EEOC") regarding his demotion and other incidents of alleged discrimination he had faced during his time at the Houston VAMC.

During the discovery phase of the proceedings before the EEOC, Mr. Council sent the DVA's attorney a package of documents. The documents came with a cover page entitled, "Enclosures: Copies of NPPD [National Prosthetics Patient Database] Data" and contained unredacted or poorly redacted personally identifiable information about Houston VAMC patients. Because the distribution of that information potentially violated the Privacy Act, 5 U.S.C. § 552a, and VAMC policy, the DVA's Office of Inspector General ("OIG") conducted an investigation. When ques-

tioned, Mr. Council claimed that the DVA attorney had sent him the documents, and that Mr. Council had redacted them in order to comply with the Privacy Act before returning them to the attorney.

On August 15, 2008, the DVA removed Mr. Council for improper retention of documents containing confidential personally identifiable information from his prior employment at the Houston VAMC and for lack of candor during the investigation. Mr. Council appealed to the Board, which affirmed the decision. The administrative judge hearing Mr. Council's 2008 appeal found his explanation not to be credible, in part because Mr. Council had never reported receiving any documents containing personally identifiable information from the DVA attorney, as he would have been required to do. Moreover, Mr. Council had initially informed the attorney that the documents were relevant to his complaint, and he did not claim at that time that he was merely returning documents the attorney had sent him. It was not until a later OIG interview that Mr. Council first alleged that the DVA attorney had sent him the documents. When asked why he had not provided that information earlier, he claimed it was a "tactical decision" on his part. The administrative judge found that the DVA attorney's testimony, unlike Mr. Council's, was logical and consistent with the evidence on the record. The administrative judge further found that the attorney's testimony was corroborated by the OIG investigator and by Mr. Council's supervisor. Mr. Council accused both of them of lying.

The administrative judge also rejected Mr. Council's claim that he was denied the opportunity to have his union or legal representative present at his OIG interview. The OIG investigator testified that Mr. Council did not ask to have a representative present. The administrative judge noted that Mr. Council had also claimed that he was denied representation for his oral reply to the agency's proposed notice of removal, yet the record of that

proceeding showed that he had declined to have a representative present. Finally, the administrative judge rejected Mr. Council's claims that his removal was racially discriminatory or effected in retaliation for his complaints to the EEOC.

Mr. Council appealed the administrative judge's decision to the full Board, which denied review on October 8, 2009. Mr. Council then petitioned for review by this court. The court, however, dismissed the petition for want of jurisdiction when Mr. Council declined to waive his discrimination claims on appeal. *Council v. Dep't of Veteran Affairs*, 380 F. App'x 981 (Fed. Cir. 2010); *see* 5 U.S.C. § 7702(a)(1). When Mr. Council took no further steps with regard to that proceeding, the Board's decision affirming his removal became final.

On October 17, 2011, Mr. Council filed a second appeal before the Board challenging his removal. This time he added a claim that he was removed in retaliation for whistleblower activity under the Whistleblower Protection Act of 1989. In particular, he claimed he was fired for alleging that the DVA attorney had sent him documents containing personally identifiable information. The administrative judge who was assigned to the appeal dismissed the case as barred by res judicata because the Board had already adjudicated the lawfulness of Mr. Council's removal. Mr. Council petitioned for review by the full Board, which denied the petition. Mr. Council now seeks review by this court.

## DISCUSSION

Mr. Council failed to challenge the application of res judicata in his appeal before the Board, and he failed to address that issue in his opening brief before this court. Instead, he devotes the bulk of his argument to reasserting his whistleblower retaliation claim and attacking the original removal decision on the merits. Any claim regarding the Board's application of res judicata is therefore

waived. *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319–20 (Fed. Cir. 2006); *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998). In any event, the Board's decision is clearly correct. There is no question that on the original appeal in October 2009 the Board had jurisdiction to review Mr. Council's removal, that the Board's decision at that time was on the merits and final, and that in this appeal Mr. Council has asserted the same claim against the same party as in the earlier appeal. *See Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005). The Board's earlier decision therefore precludes Mr. Council from appealing his removal decision a second time, even if he now seeks to advance new arguments or legal theories in support of his claim. *Foster v. Hallco Mfg. Co., Inc.*, 947 F.2d 469, 478 (Fed. Cir. 1991) (for claim preclusion purposes, "'claim' does not mean merely 'argument' or 'assertion.' 'Claim' is used in the sense of the facts giving rise to the suit."); *Gillig v. Nike, Inc.*, 602 F.3d 1354, 1363 (Fed. Cir. 2010) ("Claims arising from the same nucleus of operative facts are barred by res judicata.").

Mr. Council alleges that in the original appeal the Board lacked jurisdiction over his removal because he was essentially accused of stealing confidential documents, a criminal charge. But the Board did not conduct a criminal proceeding against Mr. Council. Instead, it properly exercised its jurisdiction to review his removal.

Mr. Council addresses the Board's res judicata ruling in his reply brief. He contends that res judicata should not be applied because he was deprived of due process in the original proceedings. His due process argument is based on his claim that the DVA refused to allow him union or legal representation during his OIG interview. Even if true, any error in the investigation would not constitute a denial of due process in the Board proceeding that would warrant depriving the Board's earlier ruling of res judicata effect. In any event, however, the adminis-

trative judge in Mr. Council's first appeal held that he was not denied his rights to representation, based on testimony from the agent who conducted the interview and other evidence relating to the investigation. That conclusion was clearly supported by substantial evidence and cannot serve as a basis for overturning the Board's decision in this appeal. We therefore affirm the Board's decision.

No costs.

**AFFIRMED**