James E. LANG, Jr., Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

No. 00–3154.

United States Court of Appeals,
Federal Circuit.

July 26, 2000.

James E. Lang, of Cincinnati, Ohio, pro se.

Calvin M. Morrow, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief was Martha B. Schneider, Acting General Counsel. Of counsel were David M. Cohen, Director; Robert E. Kirschman, Jr., Assistant Director; and Patricia M. McCarthy, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC.

Before MAYER, Chief Judge, PLAGER and LINN, Circuit Judges.

LINN, Circuit Judge.

## DECISION

James E. Lang petitions for review of the final decision of the Merit Systems Protection Board ("MSPB" or "Board"), Docket No. CH–0752–99–0147–I–1, dismissing his appeal as being untimely filed. *See Lang v. United States Postal Serv.,* 84 M.S.P.R. 513 (1999). Because the Board erred in not applying the rules for the timing of mixed case appeals to Lang's MSPB appeal, we vacate and remand.

## BACKGROUND

The Postal Service removed Lang from his position of Distribution/Window Clerk on October 26, 1996, based upon a charge of improper conduct. The Postal Service's Letter of Decision, dated October 21, 1996, ("Letter") was preceded by a removal proposal notice dated September 12, 1996, which informed Lang of his right to appeal to the MSPB within thirty days of his removal or to file a grievance within 14 days of his receipt of the Letter. On October 11, 1996, prompted by the removal proposal notice, Lang filed a grievance of his termination, which the arbitrator denied on November 21, 1997. On January 6, 1997, while his grievance was pending, Lang filed a complaint with the Postal Service's Office of Equal Employment Opportunity Compliance and Appeals

("EEO") claiming that his removal was discriminatory. Pursuant to Lang's EEO complaint, an Equal Employment Opportunity Commission ("EEOC") administrative judge ("AJ") conducted a hearing and, on September 30, 1998, issued Findings of Fact and Conclusions of Law. The EEOC AJ found that there was not reasonable cause to believe Lang's termination was discriminatory. On December 3, 1998, Lang filed a petition with the MSPB appealing the termination.

In his initial decision, the MSPB AJ dismissed the appeal as untimely because it was not filed within thirty days of the action being appealed, and because Lang had not shown good cause that would warrant the MSPB's waiver of the thirty day time limit. *See* 5 C.F.R. § 1201.22(b), (c) (2000); *see also Krizman v. Merit Sys. Protection Bd.,* 77 F.3d 434, 438 (Fed.Cir. 1996). The Board's final decision affirmed the dismissal, with a dissent by Vice Chair Slavet.[1]

In her dissent, Vice Chair Slavet pointed out that, because Lang appealed an adverse personnel action (his removal) and alleged discrimination based on race and handicap, he presented a mixed case appeal. Consequently, she noted that 5 C.F.R. § 1201.154(b)(2) (1999) should govern the timeliness of Lang's appeal to the Board. Vice Chair Slavet thus considered Lang's appeal timely because the agency had not issued a final decision within 120 days of Lang's EEO complaint.

Lang appeals to this court the MSPB's dismissal of his appeal as untimely filed. We have jurisdiction under 5 U.S.C. § 7703(b)(1) (1994).

## DISCUSSION

### A. Standard of Review

By statute, our review of MSPB decisions is narrowly defined. We must affirm a Board decision unless "any actions, findings, or conclusions

1. Vice Chair Slavet assumed the position of acting Chairperson on March 2, 2000.

[are] found to be—(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994); *see also Chase–Baker v. Department of Justice,* 198 F.3d 843, 845 (Fed.Cir.1999). The burden of establishing reversible error in an administrative decision, such as the Board's, rests upon Lang. *See Holmes v. Department of Veterans Affairs,* 58 F.3d 628, 632 (Fed.Cir.1995).

## B.  Analysis

■■■  To determine whether Lang's appeal was timely filed, we must resolve the threshold issue of whether Lang's EEO complaint was a mixed case complaint.[2] If Lang filed a mixed case complaint, 5 C.F.R. § 1201.154(b)(2) (2000) governs the time limits for his appeal of the agency's action to the MSPB. However, if Lang filed a non-mixed case complaint, 5 C.F.R. § 1202.22(b) (2000) governs the time limits for his appeal to the MSPB.

Federal regulations define a mixed case complaint as "a complaint of employment discrimination filed with a federal agency based on race, color, sex, national origin, age or handicap related to or stemming from an action that can be appealed to the Merit Systems Protection Board." 29 C.F.R. § 1614.302(a)(1) (2000). In view of the foregoing, we consider: (1) Lang's complaint; (2) the EEO's treatment and processing of the claim; and (3) the surrounding circumstances to determine whether Lang's EEO complaint was a mixed case complaint. *See Mincey v. United States Postal Serv.,* 79 M.S.P.R. 663, 666 (1998) (citing *McBeen v. Department of Interior,* 22 M.S.P.R. 46, 47–48 (1984)).

Lang believed his termination was a discriminatory action based on his race and handicap and so characterized his claim. In his EEO discrimination complaint, Lang states: "I believe I was discriminated against because I was out on sick leave which put them in a bad position. . . . Three days later I was terminated." Thus, Lang pled a mixed case complaint because it contained allegations of an adverse personnel action appealable to the Board (his removal) and alleged discrimination based on race and handicap. In adjudicating Lang's complaint, the EEO noted that Lang's complaint was for "discrimination based on race (black), reprisal for prior EEO activity and physical disability (not specified) when on October 25, 1996, [he] received a Letter of Decision–Removal, effective October 26, 1996." Thus, the EEO recognized Lang's complaint as a charge of employment discrimination and termination based on race and physical handicap.

In processing Lang's complaint, the EEO appears to have treated it as a non-mixed case because a hearing was held before an EEOC AJ. *See* 29 C.F.R. § 1614.302(d)(3) (2000) (stating that mixed case complaints do not receive a hearing). Notwithstanding the holding of a hearing, the agency recognized the mixed case nature of Lang's pleading, and considered the pled discrimination issues in the context of Lang's complaint for wrongful termination.

The extent to which the EEO may have treated this case as a non-mixed case cannot overcome the fact that Lang pled a mixed case complaint according to the clear language of 29 C.F.R. § 1614.302(a)(1). The mere erroneous prior treatment of Lang's complaint by the EEO and subsequent erroneous treatment

---

**2.** We are not empowered to decide discrimination claims in mixed cases. If an individual wishes to appeal to this court from an unfavorable decision in a mixed case, he must abandon his discrimination claim and proceed before us solely with respect to the adverse personnel action. However, we do have authority to entertain an appeal in a case such as this, where the sole issue is whether the Board erred in dismissing a mixed case as untimely. *See Austin v. Merit Sys. Protection Bd.,* 136 F.3d 782, 783 (Fed. Cir.1998).

of Lang's appeal by the MSPB cannot turn Lang's clearly pled mixed case complaint into one subject to the appellate timing rules of a non-mixed case complaint. Further, even though Lang's complaint and appeal have been identified late in this process as presenting a mixed case, he is still entitled to have it treated as such. Thus, the time limits for appealing a mixed case complaint, set forth in 5 C.F.R. § 1201.154(b)(2), and not those applicable to a non-mixed case appeal, apply.

According to 5 C.F.R. § 1201.154(b)(2), the regulation governing the timeliness of appeals of EEO complaints, "[i]f the agency has not resolved the matter or issued a final decision on the formal complaint within 120 days, the appellant may appeal the matter directly to the Board at any time after the expiration of 120 calendar days." Lang filed his EEO complaint on January 6, 1997. We render no decision on the timeliness of Lang's EEO complaint, filed more than thirty days after Lang's removal, because the issue has not been raised and is therefore not before us. While Lang received a letter from the EEO accepting his complaint for investigation, the EEO did not resolve the matter or issue a final decision within 120 days after Lang filed his complaint. Thus, in accordance with the governing regulation, Lang's appeal to the MSPB would have been timely if filed any time after May 6, 1997, the 120th calendar day after he filed his EEO complaint. Accordingly, we hold that the MSPB's dismissal of Lang's complaint as being untimely filed was inconsistent with the governing regulation and therefore was not in accordance with law.

## CONCLUSION

Because the MSPB erred in not treating Lang's complaint as a mixed case and in dismissing Lang's appeal as not timely filed, the holding of the MSPB is vacated and the case is remanded to the Board for consideration on the merits.

*VACATED* and *REMANDED*

COSTS

Each party shall bear its own costs.