NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3203

MARGARET Y. FRLETA,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

———————————————

DECIDED: September 11, 2006

———————————————

Before LOURIE, DYK, and PROST, Circuit Judges.

PER CURIAM.

## DECISION

Margaret Y. Frleta ("Frleta") appeals from the final decision of the Merit Systems Protection Board (the "Board") sustaining her removal by the Department of Homeland Security (the "agency").  Frleta v. Dep't of Homeland Security, SF-0752-05-0249-I-1 (M.S.P.B. Jan. 20, 2006) ("Final Decision").  Because we lack subject matter jurisdiction to review Frleta's mixed-case appeal on the merits, we dismiss.

## BACKGROUND

Frleta was a General Attorney, GS-14, at the agency's Immigration and Customs Enforcement division, Office of the Chief Counsel, in Los Angeles, California since

1996.  Frleta v. Dep't of Homeland Security, SF-0752-05-0249-I-1, slip op. at 2 (M.S.P.B. July 22, 2005) ("Initial Decision").  In this position, she worked as a trial attorney representing the agency before the immigration courts.  Id.  On August 27, 2002, Frleta was convicted in the Superior Court of California, County of Orange, on a criminal charge of battery.  Id.  The conviction was based on a "road rage" incident in June 2001, in which Frleta fought with another driver beside a public road.  Id.  The Superior Court found that she was the aggressor, used racial epithets, and gave testimony that was not credible.  Id.  Frleta appealed that decision, and it was affirmed on September 26, 2003.  Id.

In part because of medical problems resulting from injuries that she suffered in the "road rage" incident, Frleta was frequently tardy or absent from work, in fact, approximately 25% of the time in 2003.  Id.  In July 2003, she was counseled about her attendance by her supervisors, but, after initial improvement, her attendance deteriorated again after a short time.  Id.  On February 18, 2004, Deputy Chief Counsel Charles Martinez gave Frleta a letter establishing certain procedures for Frleta to use to request and document medical leave, and gave instructions to be followed when she expected to be late for work.  Id.

On May 13, 2004, Chief Counsel John Salter proposed Frleta's removal on three charges: first, conviction of battery resulting from the "road rage" incident; second, failure to follow instructions in the leave restriction letter from Martinez on 30 different work days between February 19 and May 7, 2004; and third, absence without leave on the same dates.  Id., slip op. at 4.  On May 20, 2004, due to illness, Frelta requested a

six-month extension of time in order to respond. Id. The agency granted her request in part, and she responded on July 28, 2004. Id.

On November 24, 2004, the agency sustained all three charges as well as Frleta's removal, effective December 24, 2004. Id., slip op. at 4-5. Frleta appealed the agency's decision to the Board, alleging that she was denied due process, that the Superior Court erred in convicting her of battery, that certain documents were missing from her file, that the agency discriminated against her on the basis of race and national origin, and that the penalty imposed upon her was unreasonable. Id., slip op. at 5, 7, 14. 18, 20, 22.

On July 22, 2005, the Administrative Judge ("AJ") sustained the agency's charges and the penalty of removal, except for the charge of absence without leave on the dates that Frleta was charged with tardiness rather than absenteeism. Frleta sought review by the full Board, the Board denied her petition, and the AJ's decision accordingly became the final decision of the Board. See 5 C.F.R. § 1201.113(b) (2006). Frleta timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

On appeal, Frleta argues that the agency lied and destroyed records of her leave and medical documents in order to discredit her and terminate her employment. She also contends that the Board erred in not finding that her removal was the result of discrimination against her based on race and national origin. In addition, Frleta asserts that the Board erred in refusing her the right to address the battery charge. The government responds that the Board's determinations are supported by substantial

evidence. According to the government, the AJ fully considered Frleta's allegations regarding missing documents, and found her testimony to not be credible. The government also argues that Frleta's appeal should be dismissed for lack of subject matter jurisdiction because she is appealing discrimination claims. In addition, the government asserts that the Board correctly determined that Frleta was estopped from denying the underlying misconduct for her battery conviction under the doctrine of collateral estoppel.

We agree with the government that this appeal must be dismissed, as it is a mixed-case appeal. A mixed-case appeal is "an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap or age," 29 C.F.R. § 1614.302(a)(2) (2004). Pursuant to 28 U.S.C. § 1295(a)(9), this court lacks jurisdiction to review a mixed-case appeal decided on the merits without a waiver of such claims. See Lang v. Merit Sys. Prot. Bd., 219 F.3d 1345, 1347 n.2 (Fed. Cir. 2000) (If an employee "wishes to appeal to this court from an unfavorable decision in a mixed case, he must abandon his discrimination claim and proceed before us solely with respect to the adverse personnel action."); Williams v. Dep't of the Army, 715 F.2d 1485 (Fed. Cir. 1983) (en banc) (holding that this court lacks jurisdiction in "mixed" cases involving discrimination and non-discrimination challenges pursuant to 5 U.S.C. § 7703(b)(1)).

Here, Frleta alleges that discrimination and retaliation were the basis for the agency's removal decision, and she has not waived those claims on appeal. Indeed, in her "Statement Concerning Discrimination" pursuant to Federal Circuit Rule 15(c), which

she submitted upon filing her petition for review here, she did <u>not</u> check the box which read: "Any claim of discrimination by reason of race, sex, age, national origin, or handicapped condition raised before the employing agency or the Merit Systems Protection Board or arbitrator has been abandoned or will not be raised or continued in this or any other court." Frleta also stated on that form that she had filed a discrimination case in the Equal Employment Opportunity Commission from the Board's decision. These facts are clear. Accordingly, because Frleta has not waived her discrimination claims, we dismiss her appeal for lack of subject matter jurisdiction.