**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 42**

Docket No. AT-3443-13-0527-I-1

**Paul G. Miranne,**

**Appellant,**

**v.**

**Department of the Navy,**

**Agency.**

June 12, 2014

Paul G. Miranne, Pensacola, Florida, pro se.

Tracey Rockenbach, Esquire, Washington Navy Yard, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision which dismissed his initial appeal as untimely filed. *See* Petition for Review (PFR) File, Tab 1; Initial Appeal File (IAF), Tab 13, Initial Decision (ID) at 4-6. For the reasons that follow, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the initial appeal to the administrative judge for further adjudication consistent with this Opinion and Order.

BACKGROUND

¶2    This case involves whether the appellant filed a timely initial appeal with the Board after first filing a formal complaint of discrimination with the agency. The appellant filed a timely equal employment opportunity (EEO) complaint with the agency alleging retaliation based upon his prior EEO activity, and the agency accepted the following claims for investigation on the basis of retaliation:  (1) the appellant's nonselection for a supervisory position; (2) the agency's failure to follow proper selection criteria for evaluating candidates for promotion; (3) the agency's denial of official time for the appellant to work on his EEO complaints; and (4) the agency's issuance of a letter of caution.  IAF, Tab 6, Subtab 4a.  In response to the agency's notice of accepted issues, the appellant argued that the agency misconstrued the nature of his claims, and that it should have accepted his complaint as a mixed-case complaint because he was asserting both an employment practices appeal under 5 C.F.R. § 300.104(a) and reprisal-based claims of discrimination.   IAF, Tab 12, Attachment 15; *see* 5 C.F.R. § 300.104(a).

¶3    The agency's EEO Officer issued the appellant a letter on February 14, 2012, informing him that the agency would not process his complaint as a mixed-case complaint because the agency did not believe that he had "allege[d] facts that would lead the Agency to conclude that [the] case[] [is a] mixed-case complaint[] warranting mixed case processing."  IAF, Tab 9 at 5-6.  The agency further informed the appellant that his complaint would "continue to be processed as un-mixed . . . under 29 CFR, Part 1614," and that "[i]f you disagree with this determination, you have the option to file an appeal with the Merit Systems Protection Board.  Upon receipt of notification that the [Board] has assumed jurisdiction over this matter, the Agency will hold the processing of the above-referenced EEO complaint[] in abeyance until the [Board] issues a ruling." *Id*. at 6.  The appellant did not file a Board appeal at that time.

¶4    The agency issued a final agency decision (FAD) almost a year later finding no discrimination.  IAF, Tab 1 at 10.  In its FAD, the agency provided the appellant with notice of his right either to appeal the agency's decision to the Equal Employment Opportunity Commission's (EEOC's) Office of Federal Operations (OFO) or to file a civil action in U.S. district court.[1]  *Id*. at 11-13. The appellant, however, elected to file an appeal with the Board asserting an employment practices claim and raising claims of EEO retaliation and harmful procedural error.  IAF, Tab 1.  In response to the appeal, the agency argued, inter alia, that the appeal was untimely.  IAF, Tab 7.  Specifically, the agency argued that the appeal was untimely because it was filed more than 30 days after his nonselection for the supervisory position in September 2011 and because it also was filed more than 30 days after the agency informed him that it would not process his EEO complaint as a mixed-case complaint in February 2012.  *Id*. at 9-12 of 14.  Additionally, noting that the appellant received the agency's FAD on March 16, 2013, the agency argued that the appellant's appeal, which was stamped received by the Board's regional office on April 17, 2013, was filed 2 days beyond the 30-day window set forth in 5 C.F.R. § 1201.154(b)(1).  *Id*. at 11-12 of 14.

¶5    The administrative judge issued an order directing the appellant to establish the timeliness of his appeal, and he specifically instructed the appellant to explain:

> (1) why you did not file an appeal with the Board promptly after the agency notified you by letter dated February 14, 2012, that it did not

---

[1] Because the agency determined that the appellant did not file a mixed-case complaint, the appellant had the option of requesting either a FAD from the agency or a hearing before an EEOC administrative judge, who would issue a decision on the appellant's discrimination claims, which the agency could accept or reject in a final order.  *See* 29 C.F.R. §§ 1614.109, 1614.110(a), (b).  Under either scenario, the appellant would have the option of appealing to the EEOC's OFO or filing a civil action in U.S. district court. *See* 29 C.F.R. §§ 1614.401(a), 1614.407.

> accept your EEO complaint as a Mixed Case complaint, and told you that you had a right to file an appeal with the Board; and (2) if you believed (incorrectly) that you had the right to wait until after you received the final agency decision on your EEO complaint before filing your non-mixed case appeal, you still failed to timely file your appeal.

IAF, Tab 8 at 2. In response, the appellant argued that he had filed a mixed-case complaint with the agency, thus making a binding election under 29 C.F.R. § 1614.302(b), and that the agency "overstepped [its] authority" by requiring him to allege facts in his EEO complaint that, if proven, would establish Board jurisdiction. IAF, Tab 12 at 3. Citing the Board's mixed case regulations, the appellant asserted that February 14, 2012, the date of the agency's letter informing him that it would not process his complaint as a mixed-case complaint, "is not the effective date of the action being appealed," and he argued that his Board appeal was timely filed within 30 days of his receipt of the FAD. *Id.* at 4-5 (explaining that he received the FAD on March 16, 2013, and that his initial appeal was postmarked on April 15, 2013).

¶6      The administrative judge issued an initial decision dismissing the appellant's appeal as untimely filed without good cause shown. ID at 4-6. The administrative judge determined that, although the appellant filed a timely EEO complaint of discrimination with the agency, he was required to file his Board appeal within 30 days of receiving the agency's February 14, 2012 decision not to process his complaint as a mixed-case complaint. *See* ID at 4 ("[T]he agency's written notice that the appellant's EEO complaint would not be processed as a mixed-case was – rightly or wrongly – the agency resolution of the mixed case complaint."). Because the appellant waited over a year for the agency to issue a FAD before filing his Board appeal, the administrative judge concluded that the appellant's appeal was untimely. *Id.* at 4-5. In support of his conclusion, the administrative judge found that the EEOC's Management Directive 110 (EEOC MD-110) outlined the process the appellant should have followed when "the

employing agency questions the Board's jurisdiction in a mixed case complaint." ID at 5. According to the administrative judge, EEOC MD-110, Chapter 4, § II.B.4.b allows for "[t]he agency [to] hold the mixed case complaint in abeyance until the [Board] Administrative Judge rules on the jurisdictional issue, [to] notify the complainant that it is doing so, and [to] instruct him/her to bring the discrimination claim to the attention of the [Board]." *Id.* (quoting EEOC MD-110, Ch. 4, § II.B.4.b). Relying on this provision, the administrative judge dismissed the appellant's appeal as untimely filed because the appellant did not file his appeal with the Board within 30 days of the agency informing him that it did not believe he had filed a mixed-case complaint. *Id*. at 5-6.

¶7 The appellant has filed a petition for review in which he argues that his initial appeal was timely filed within 30 days of his receipt of the agency's FAD. *See* PFR File, Tab 1. The agency has filed an opposition to the appellant's petition for review. *See* PFR File, Tab 3.[2]

## ANALYSIS

<u>The 30-day period for the appellant to file his initial appeal with the Board commenced as of the date he received the FAD.</u>

¶8 An appeal of an agency action must generally be filed no later than 30 days after the effective date of the action being appealed, or 30 days after the date of the receipt of the agency's decision, whichever is later. *Montalvo v. U.S. Postal Service*, 91 M.S.P.R. 671, ¶ 4 (2002); 5 C.F.R. § 1201.22(b). The procedures and filing deadlines for mixed cases, however, are somewhat different. *Montalvo*, 91 M.S.P.R. 671, ¶ 5. A mixed case arises when an appellant has been

---

[2] The appellant filed a reply in further support of his petition for review and an accompanying motion explaining why he did not file his reply within 10 days as required by 5 C.F.R. § 1201.114(e). *See* PFR File, Tab 4. Because we agree with the arguments contained within the appellant's petition for review, we have not considered his reply, and his motion to accept his reply is DENIED as moot.

subject to an action that is appealable to the Board, and he alleges that the action was effected, in whole or in part, because of discrimination. *Id.* An appellant has two options when filing a mixed case: he may initially file a mixed-case complaint with the agency, followed by an appeal to the Board, or he may file a mixed-case appeal with the Board and raise his discrimination claim in connection with his appeal. *See Montalvo*, 91 M.S.P.R. 671, ¶ 5; 29 C.F.R. § 1614.302(b), (d). An employee may file either a mixed-case complaint or a mixed-case appeal, but not both, and whichever is filed first is deemed to be the employee's election to proceed in that forum. *Montalvo*, 91 M.S.P.R. 671, ¶ 5; 29 C.F.R. § 1614.302(b).

¶9    When an employee files a timely mixed-case complaint with the agency, the employing agency must issue a FAD on the employee's discrimination claims and provide the employee with notice of his right to file an appeal with the Board. 29 C.F.R. § 1614.302(d)(3). In such circumstances, an employee's Board appeal must be filed with the Board within 30 days of his receipt of the agency's resolution or final decision on the discrimination issue. *Montalvo*, 91 M.S.P.R. 671, ¶ 5; 29 C.F.R. § 1614.302(d)(3). Alternatively, if the agency has not resolved the employee's discrimination claim or issued its FAD on the discrimination issue within 120 days, the appellant may file an appeal with the Board anytime thereafter. *Montalvo*, 91 M.S.P.R. 671, ¶ 5; 29 C.F.R. § 1614.302(d)(1)(i). The Board has previously explained that, when an appellant files a timely formal discrimination complaint prior to appealing to the Board, the right to pursue such an appeal with the Board does not vest until the agency issues a final decision on the discrimination claim or 120 days have passed since the filing of the complaint. *Moody v. U.S. Postal Service*, 93 M.S.P.R. 151, ¶ 3 (2002).

¶10   As the appellant correctly pointed out before the administrative judge, IAF, Tab 12 at 3, the mixed-case regulations do not specifically address the time limit for filing a Board appeal when an agency informs the employee that it will not

process his complaint of discrimination as a mixed case. We have reviewed both the Board's and the EEOC's decisions on this topic, and we agree with the appellant that there is no clear explanation of how an appellant should proceed after he learns that an agency will not process his complaint as a mixed case. The agency argues that the administrative judge correctly found that the appellant's time to file a Board appeal commenced when the appellant received notice that the agency would not process his complaint as a mixed case, thus making his appeal untimely by over a year. PFR File, Tab 3 at 9; ID at 4-6. The appellant argues that the time to file his appeal began when he received the FAD and that the agency's interim notice that it would not process his complaint as a mixed case has no bearing on the timeliness of his appeal. PFR File, Tab 1 at 2. For the reasons that follow, we find the appellant's approach is the better application of the mixed-case filing deadlines.

¶11        First, looking to the text of 5 U.S.C. § 7702, and its accompanying regulations, we cannot agree with the agency's argument that the time for the appellant to file a Board appeal commenced *prior* to either the agency's issuance of a FAD or the passage of 120 days from the date of the appellant's filing of his EEO complaint with the agency. *See, e.g.*, *Fabros v. Office of Personnel Management*, 80 M.S.P.R. 575, 577 (1999) (under the general rule of statutory construction, where the language of a statute itself is clear and unambiguous, that language is controlling absent a clearly expressed legislative intention to the contrary). Pursuant to 5 U.S.C. § 7702, "in the case of any employee or applicant for employment who (A) has been affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board, and (B) alleges that a basis for the action was discrimination prohibited" by one of several enumerated federal anti-discrimination statutes, "the Board shall, within 120 days of the filing of the appeal, decide both the issue of discrimination and the appealable action . . . ." 5 U.S.C. § 7702(a)(1); *see Brown v. U.S. Postal*

*Service*, 81 M.S.P.R. 16, ¶ 7 (1999). Building upon these provisions, section 7702 further provides that:

> [i]n any matter before an agency which involves (A) any action described in (1)(A) of [5 U.S.C. § 7702(a)]; and (B) any issue of discrimination prohibited under any provision of law described in paragraph (1)(B) of [5 U.S.C. § 7702(a)], the agency shall resolve such matter within 120 days. The decision of the agency in any such matter shall be a judicially reviewable action unless the employee appeals the matter to the Board under paragraph (1) of [5 U.S.C. § 7702(a)].

5 U.S.C. § 7702(a)(2).

¶12    Pursuant to this statutory framework, both the EEOC and the Board have promulgated regulations further outlining the process to be followed in mixed cases depending on the employee's election of forum. *See* 29 C.F.R. § 1614.302(b); 5 C.F.R. §§ 1201.151-1201.154. If an employee elects to file a mixed-case complaint with the agency, and, "[i]f a final decision is not issued within 120 days of the date of filing of the mixed case complaint, the complainant may appeal the matter to the [Board] at any time thereafter as specified at 5 C.F.R. § 1201.154(b)(2)[.]" 29 C.F.R. § 1614.302(d)(1)(i). Once the agency issues a final decision on the employee's mixed-case complaint, however, the employee has 30 days from his receipt of the FAD to file his appeal with the Board. 29 C.F.R. § 1614.302(d)(1)(ii); 5 C.F.R. § 1201.154(b)(1). As noted previously, "[a]n aggrieved person may initially file a mixed case complaint with an agency . . . or an appeal on the same matter with the [Board] pursuant to 5 C.F.R. § 1201.151, but not both. . . . [and] whichever is filed first shall be considered an election to proceed in that forum." 29 C.F.R. § 1614.302(b).

¶13    Our review of this process leads us to conclude that an appellant is precluded from filing a Board appeal challenging the same matter that is already the subject of a timely-filed discrimination complaint with an agency prior to either the issuance of the agency's FAD or the passage of 120 days. *See* 5 U.S.C. § 7702(a)(2); *Moody*, 93 M.S.P.R. 151, ¶ 3 (when an appellant files a timely

formal discrimination complaint with the agency prior to appealing to the Board, the right to pursue such an appeal does not vest until the agency issues a final decision on the discrimination complaint or 120 days have passed since the filing of the complaint);  *Cloutier v. U.S. Postal Service*, 89 M.S.P.R. 411, ¶ 5 (2001) (if the appellant filed a premature Board appeal after filing a timely complaint of discrimination with the agency, the administrative judge will dismiss the appeal without prejudice to its later refiling under 5 C.F.R. § 1201.22); 29 C.F.R. § 1614.302(d)(1)(i)-(ii); 5 C.F.R. § 1201.154(b)(1)-(2).   Applying these timing principles, the Board has consistently dismissed appeals under 5 C.F.R. § 1201.151 as premature when filed with the Board prior to either of these events. *See Moody*, 93 M.S.P.R. 151, ¶ 3; 5 C.F.R. § 1201.154(c).  Accordingly, we find no support for the agency's theory that the appellant should have filed an appeal with the Board prior to the issuance of a FAD or the passage of 120 days from the filing of his EEO complaint with the agency.

¶14        Additionally, we disagree with both the administrative judge and the agency that a process exists for an agency to question whether an employee has filed a mixed-case complaint.  *See* ID at 5 (citing EEOC MD-110, Ch. 4, § II.B.4.b); *see also* IAF, Tab 9 at 5-6.  It is the *employee's* election of forum that governs the processing of a complaint, and not the manner in which the agency processes the complaint.  *See French v. U.S. Postal Service*, 80 M.S.P.R. 171, ¶ 6 (1998) (an employee may not file both a formal EEO complaint with the agency and an appeal with the Board regarding the same action, and whichever is filed first is considered an election to proceed in that forum); 29 C.F.R. § 1614.302(b); *see also Lang v. Merit Systems Protection Board*, 219 F.3d 1345, 1347-48 (Fed. Cir. 2000) ("The mere erroneous prior treatment of Lang's complaint by the EEO and subsequent erroneous treatment of Lang's appeal by the MSPB cannot turn Lang's clearly pled mixed case complaint into one subject to the appellate timing rules of a non-mixed case complaint.").  If, *after* a purported mixed-case appeal is filed, the Board determines that it does not have jurisdiction over the appeal, the

complaint will be returned to the agency for processing as a nonmixed discrimination complaint. *Blickenstaff v. Department of Justice*, EEOC Appeal No. 01A42427, 2004 WL 1084919, at \*2 (E.E.O.C. 2004) (finding that, if the Board dismisses a purported mixed-case appeal for lack of jurisdiction, the agency must recommence processing the matter as a nonmixed-case complaint); *see Murray v. Department of Defense*, 92 M.S.P.R. 361, ¶ 12 (2002) (in addition to prudential constraints of ripeness and finality, the Board is statutorily precluded from issuing advisory opinions) (citing 5 U.S.C. § 1204(h)).

¶15    Here, the appellant filed a timely discrimination complaint with the agency first, and he subsequently filed an appeal with the Board based upon his belief that he had filed a mixed-case complaint with the agency. We find that the agency incorrectly instructed the appellant to file a Board appeal prior either to the agency's issuance of a FAD or the passage of 120 days for the limited purpose of ascertaining from the Board whether he had filed a mixed-case complaint within the Board's jurisdiction. *See* IAF, Tab 9 at 5-6. Rather, we conclude that the appellant's time to file a Board appeal commenced when he received the FAD. Based upon our analysis above, we find the agency's suggestion, that the appellant should have simultaneously maintained both a complaint of discrimination with the agency and a Board appeal on the same issue, is inconsistent with both the mixed-case procedures and the principles of judicial economy and adjudicatory efficiency. *See, e.g.*, *Elgin v. Department of Treasury*, 132 S. Ct. 2126, 2135 (2012) (criticizing and rejecting a proposed reading of the Civil Service Reform Act of 1978 which would have "create[d] the possibility of parallel litigation regarding the same agency action before the MSPB and a district court"); *Bean v. U.S. Postal Service*, 120 M.S.P.R. 447, ¶¶ 5-6 (2013) (dismissing a subsequent appeal on the grounds of adjudicatory efficiency which raised the same issues as an earlier appeal which was awaiting a decision on petition for review). The administrative judge's initial decision dismissing the initial appeal as untimely filed is therefore VACATED.

**The appellant timely filed the initial appeal with the Board's regional office within 30 days of his receipt of the FAD.**

¶16    The agency argued below that, even if the appellant's 30-day period to file his Board appeal began as of the date he received the FAD, the appeal should still be dismissed as untimely because it was stamped as received by the Board's regional office on April 17, 2013, 2 days beyond the 30-day filing period. *See* IAF, Tab 7 at 11-12. Although the administrative judge did not address this issue in his initial decision, for the reasons that follow, we also find that the appellant timely filed his appeal under 5 C.F.R. § 1201.154(b)(1).

¶17    If an appellant filed a timely discrimination complaint with the agency and received a FAD on that complaint, he must file an initial appeal with the Board within 30 days of his receipt of the agency's resolution or final decision on the discrimination issue. *As'Salaam v. U.S. Postal Service*, 85 M.S.P.R. 76, ¶ 20 (2000); 5 C.F.R. § 1201.154(b)(1). The record reflects, moreover, that the agency issued its FAD on March 7, 2013, and the parties agree that the appellant received the FAD on March 16, 2013,[3] thus requiring that the appellant file his appeal with the Board no later than April 15, 2013. *See* IAF, Tab 1 at 27 (FAD certificate of service); IAF, Tab 12 at 5; IAF, Tab 7 at 11-12. The record reflects that the appellant mailed his initial appeal on April 15, 2013. IAF, Tab 12 at 5 and Attachment 16 (evidence of postmark). Because the appellant's initial appeal was postmarked on April 15, 2013, we find that he timely filed his appeal with the Board under 5 C.F.R. § 1201.154(b)(1). *See McDavid v. Department of*

---

[3] We have been unable to locate any evidence in the record reflecting when the appellant received the FAD. Both the agency and the appellant, however, have stated that the appellant received the FAD on March 16, 2013. *See* IAF, Tab 12 at 5 (appellant's assertion that he received the FAD on March 16, 2013); IAF, Tab 7 at 11-12 (agency assertion that appellant received the FAD on the same date). Because the parties agree that the appellant received the FAD on March 16, 2013, we have based our timeliness assessment of the appeal on this date. *Cf.* 5 C.F.R. § 1201.63 (parties may stipulate to any matter of fact).

*Labor*, 64 M.S.P.R. 304, 306 (1994) (the date of filing of a mailed submission ordinarily is the postmark); 5 C.F.R. § 1201.4(*l*) ("The date of filing by mail is determined by the postmark date.").

The appeal is remanded to the administrative judge for an assessment of the Board's jurisdiction over the appeal.

¶18        Although we find that the appellant filed a timely appeal with the Board, the issue of the Board's jurisdiction over the appeal remains outstanding. Because the administrative judge did not address the issue of the Board's jurisdiction below, *see* ID at 1 n.1, we find it appropriate to REMAND the appeal to the administrative judge for an adjudication of the Board's jurisdiction over the appeal.    On remand, the administrative judge should give the parties an opportunity to supplement their arguments concerning the Board's possible jurisdiction over the appellant's employment practices appeal under 5 C.F.R. § 300.104. *See, e.g.*, *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶¶ 6-7 (2010) (describing the Board's jurisdictional analysis under 5 C.F.R. § 300.104(a)).    Should the administrative judge find that the appellant has established the Board's jurisdiction over his appeal, then the administrative judge should address whether the appellant can raise his claims of EEO retaliation in connection with an employment practices appeal before the Board under 5 C.F.R. § 300.101, *et seq*. *See, e.g.*, *Meeker v. Merit Systems Protection Board*, 319 F.3d 1368, 1374 (Fed. Cir. 2003) ("In challenges to employment practices, the relevant [Office of Personnel Management] regulation, 5 C.F.R. § 300.104(a), does not give the Board jurisdiction over any and all legal challenges to employment practices; it grants jurisdiction to the Board only with respect to challenges based on the three grounds set forth in 5 C.F.R. § 300.103.") (citations omitted).  We leave it to the administrative judge to make these determinations in the first instance.

## ORDER

¶19    For the aforementioned reasons, the administrative judge's initial decision dismissing the appeal as untimely filed is VACATED, and the appeal is REMANDED to the administrative judge for further adjudication consistent with this Opinion and Order.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.