**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KENROY MCFARLANE,<br>        Appellant, | DOCKET NUMBER<br>AT-0752-23-0007-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>        Agency. | DATE: May 17, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Kenroy McFarlane, Homestead, Florida, pro se.

Brandon Roby, Esquire, Fort Meade, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2       On August 22, 2022, the agency issued its decision to remove the appellant from his position as an Information Technology Cybersecurity Specialist, effective August 24, 2022. Initial Appeal File (IAF), Tab 5 at 37-44. At the time of his removal, the appellant had at least one pending equal employment opportunity (EEO) complaint with the agency. IAF, Tab 3 at 5. On or around August 30, 2022, the appellant notified the agency's EEO specialist that he wished to include additional information for his pending EEO complaint, namely, his removal from Federal service, which he claimed was retaliation for his EEO activity. *Id*. at 5-6. The agency's EEO specialist responded that the removal "would not be considered adding 'additional information' to [his] pending EEO complaint," but "would be considered an amendment to include an additional claim that must be investigated." *Id*. at 5. However, on September 6, 2022, the EEO specialist referred the appellant's removal claim to an EEO counselor, who contacted the appellant to initiate EEO counseling, which is the first step in the informal EEO complaint process.[2] Petition for Review (PFR) File, Tab 1 at 8, 11-13, 18-19, 32-35. By letter dated September 28, 2022, the EEO counselor informed the appellant that his claims could not be resolved through EEO counseling and that he had the right to file an individual discrimination complaint. IAF, Tab 3 at 3-4.

¶3       On October 7, 2022, the appellant filed a separate EEO complaint regarding his removal. PFR File, Tab 1 at 15-17. Two days before the appellant filed his EEO complaint, the appellant filed a Board appeal, alleging that he was removed in retaliation for his EEO activity, and requested a hearing. IAF, Tab 1 at 2-3. The administrative judge issued an order notifying the appellant that there was a

---

[2] On petition for review, the appellant has provided additional documentation, including emails with the EEO specialist and EEO counselor, as well as a copy of an October 7, 2022 EEO complaint, confirming that his removal claim was processed as a new EEO claim that resulted in a separate EEO complaint, rather than as an amendment to his existing EEO complaint. PFR File, Tab 1 at 8, 11-13, 15-19, 32-35.

question regarding the timeliness of his appeal, informing the appellant of the applicable law relevant to the timeliness issue, and providing the appellant with an opportunity to submit evidence and argument establishing that his appeal was either timely filed, or that good cause exists for the delay in filing. IAF, Tab 7. The appellant did not respond, and without holding the requested hearing, the administrative judge dismissed the appeal as untimely filed without good cause shown. IAF, Tab 9, Initial Decision (ID).

¶4    The appellant has filed a petition for review arguing that his appeal was timely filed, or there was good cause for the filing delay, because he pursued his removal claim through the EEO process prior to filing his appeal with the Board. PFR File, Tab 1. The agency did not respond to the appellant's petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    Generally, an appeal of an agency action must be filed no later than 30 days after the effective date of the action being appealed, or 30 days after the date of the receipt of the agency's decision, whichever is later. *Miranne v. Department of the Navy*, 121 M.S.P.R. 235, ¶ 8 (2014); 5 C.F.R. § 1201.22(b)(1). The procedures and filing deadlines for mixed cases, however, are somewhat different. *Miranne*, 121 M.S.P.R. 235, ¶ 8. A mixed case arises when an employee has been subject to an action that is appealable to the Board, and he alleges that the action was effected, in whole or in part, because of discrimination. *Id.* Pursuant to the procedures set forth at 5 U.S.C. § 7702, an appellant has two options when filing a mixed case: he may initially file a mixed-case complaint with the agency, followed by an appeal to the Board, or he may file a mixed-case appeal with the Board and raise his discrimination claim in connection with his appeal. *Id.* An employee may file either a mixed-case complaint with the agency or a mixed-case appeal with the Board, but not both, and whichever is filed first is deemed to be the employee's election to proceed in

that forum. *Id.* If an appellant files a timely mixed-case EEO complaint with the agency prior to appealing to the Board, the right to appeal to the Board does not vest until either the agency issues a final agency decision (FAD) on the complaint or 120 days have elapsed from the date the complaint was filed with the agency. *Id*., ¶ 9.

¶6 The administrative judge determined that, while there was evidence that the appellant pursued EEO counseling, the appellant had not elected to proceed in the EEO forum because there was no evidence that he had filed an EEO complaint. ID at 4 n.2. We disagree. The record shows that when the appellant contacted the agency's EEO specialist on August 30, 2022, his intent was to pursue his removal claim through the EEO forum by amending his pending EEO complaint to include the removal. IAF, Tab 3 at 5-6. Furthermore, the agency's EEO specialist confirmed that the appellant's removal claim would be treated as an amendment to his pending complaint. *Id*.; PFR File, Tab 1 at 9, 20. Instead, however, the EEO specialist referred the removal claim to an EEO counselor, who then processed the claim as if it were new, forcing the appellant to ultimately file a separate EEO complaint regarding his removal. IAF, Tab 3 at 3-4; PFR File, Tab 1 at 8, 11-13.

¶7 Pursuant to Equal Employment Opportunity Commission (EEOC) regulations, a complainant may amend a complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in the complaint without additional counseling. *Cano v. U.S. Postal Service*, 107 M.S.P.R. 284, ¶ 15 (2007); 29 C.F.R. § 1614.106(d). Moreover, the Board has held that it is the employee's election of forum that governs the processing of a complaint, and not the manner in which the agency processes the complaint. *Miranne*, 121 M.S.P.R. 235, ¶ 14 (emphasis in original); *see also Lang v. Merit Systems Protection Board*, 219 F.3d 1345, 1347-48 (Fed. Cir. 2000) ("The mere erroneous prior treatment of [the appellant's] complaint by the EEO and subsequent erroneous treatment of [the appellant's] appeal by the MSPB

cannot turn [the appellant's] clearly pled mixed case complaint into one subject to the appellate timing rules of a non-mixed case complaint."). Prior to filing his Board appeal, the appellant elected to pursue his removal claim through the EEO forum, as he expressed a clear intent to amend his existing EEO complaint to include his removal. IAF, Tab 3 at 5-6. It was the agency that processed the removal claim as a new claim, ultimately requiring him to file a separate EEO complaint. *Id*. at 3-4; PFR File, Tab 1 at 8, 11-13. Therefore, even though the appellant filed an EEO complaint after he filed his Board appeal, we find that he nevertheless elected prior to the filing of his Board appeal to pursue his removal claim through the EEO forum.

¶8    Thus, we find that this is an appeal from a mixed-case complaint, and the administrative judge should have applied the filing time limits set forth in 5 U.S.C. § 7702. Because there is no evidence that a FAD has been issued,[3] per 5 U.S.C. § 7702(e)(2), the appellant may file a Board appeal after 120 days have passed from the date he elected to proceed in the EEO forum, which here is the date he requested to amend his pending EEO complaint. Accordingly, the appellant should have waited until at least December 29, 2022, to file his appeal with the Board. Consequently, although the appellant's October 5, 2022 appeal is timely filed, it is premature. Nevertheless, when an appellant prematurely files an appeal with the Board after electing to initially file a complaint of discrimination with the agency, the administrative judge should either dismiss the appeal without prejudice, or, if it will ripen in a short time, may hold the appeal rather than dismiss it. 5 C.F.R. § 1201.154(c). Furthermore, it is the Board's practice to adjudicate an appeal that was premature when filed, but ripens while pending before the Board, as is the case here. *Bent v. Department of State*, 123 M.S.P.R. 304, ¶ 6 (2016). Accordingly, because the appeal is now ripe, we grant the appellant's petition for review, vacate the initial decision, which

---

[3] If a FAD has been issued, then the appellant has 30 days from the receipt of the FAD to file a Board appeal. 5 C.F.R. § 1201.154(b)(1).

dismissed the appeal as untimely filed, and remand the appeal for adjudication of the merits of the agency's removal action and any affirmative defenses.

## ORDER

¶9     For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                 _____
                               Gina K. Grippando
                               Clerk of the Board

Washington, D.C.