## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RANDALL E. WILSON,
   Appellant,

  v.

DEPARTMENT OF VETERANS
 AFFAIRS,
   Agency.

DOCKET NUMBER
CH-0714-19-0113-I-1

DATE: July 18, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Randall E. Wilson</u>, Decatur, Illinois, pro se.

<u>Erin E. Milligan</u>, Esquire, St. Louis, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**REMAND ORDER**

The appellant has filed an untimely petition for review of the initial decision, which dismissed his removal appeal as untimely filed with no showing of good cause for the delay. For the reasons discussed below, we DISMISS the petition for review as untimely filed, but REOPEN the appeal on our own motion

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

pursuant to 5 C.F.R. § 1201.118, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

Effective September 24, 2018, the agency removed the appellant pursuant to the authority set forth in the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat. 862, 869-73 (2017) (codified as amended at 38 U.S.C. § 714), from his Housekeeping Aid position with the agency's Environmental Management Service. Initial Appeal File (IAF), Tab 1 at 7, 11. In its decision letter, the agency informed the appellant of his options in seeking review of the action, including filing a Board appeal, seeking corrective action from the Office of Special Counsel, filing a grievance, or filing a discrimination complaint with the agency's Office of Resolution Management (ORM). *Id.* at 7-9. The decision letter notified the appellant of the 10-business-day deadline for filing a Board appeal, as well as the 45-calendar-day deadline for contacting ORM, and stated that "[w]hichever is filed first . . . shall be considered an election by you to proceed under that appeal process." *Id.* at 8-9.

On October 10, 2018, the appellant filed a formal equal employment opportunity (EEO) complaint with ORM alleging that his removal was based on race and sex discrimination. *Id.* at 16. Thereafter, he filed a December 3, 2018 Board appeal also challenging his removal and referencing his EEO complaint. *Id.* at 2, 20, 22.

The administrative judge ordered the agency to submit, within 20 days of the date of the order, a statement regarding whether the appellant had filed a formal complaint of discrimination on the action being appealed, as well as the current status of the complaint if one had been filed. IAF, Tab 2 at 6, 8. In addition, the administrative judge informed the appellant that there was a

question as to whether he had filed his appeal within the 10-business-day time limit required by 38 U.S.C. § 714(c)(4)(B) and ordered him to show that he had timely filed his appeal or there was a basis to accept his late-filed appeal. IAF, Tab 4 at 1-4. The administrative judge also ordered the agency to file any evidence and argument it had on the timeliness issue. *Id.* at 4.

After both the appellant and the agency did not respond to the orders, the administrative judge dismissed the appeal as untimely filed with no showing of good cause for the delay. IAF, Tab 6, Initial Decision (ID) at 1, 4. The administrative judge found that the appellant did not file his appeal within the 10-business-day time limit set forth at 38 U.S.C. § 714(c)(4)(B). ID at 3. He further found that the appellant offered no excuse for the delay and made no showing of due diligence, noting that any inexperience with legal matters or unfamiliarity with Board procedures did not warrant a waiver of the time limit. ID at 3. The appellant has filed an untimely petition for review, to which the agency has not responded. Petition for Review (PFR) File, Tab 1. The Office of the Clerk of the Board advised the appellant that his petition for review was untimely and provided him with an opportunity to request that his petition be accepted as timely or show good cause for his delay. PFR File, Tab 2 at 2. Neither party responded to the Clerk's Office.

**ANALYSIS**

<u>We dismiss the petition for review as untimely filed with no showing of good cause for the delay.</u>

Generally, a petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that he received the initial decision more than 5 days after the date of issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(e). Here, the administrative judge informed the appellant that the initial decision would become final on April 4, 2019, unless a petition for review was filed by that date. ID at 4. The appellant filed his petition for review on September 18, 2019, over

5 months late.[2] Petition for Review (PFR) File, Tab 1 at 10. Although the Acting Clerk of the Board afforded the appellant an opportunity to show that his petition for review was timely filed or that good cause existed for the late filing, PFR File, Tab 2, the appellant did not respond to the Acting Clerk's notice.

The Board may waive the time limit for filing a petition for review upon a showing of good cause for the untimely filing. 5 C.F.R. § 1201.114(g). To establish good cause, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 4 (2014). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limit or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Id.*

The appellant's arguments on review regarding the merits of his removal, PFR File, Tab 1 at 3, are not relevant to the timeliness of his petition for review, *see Marasco v. U.S. Postal Service*, 66 M.S.P.R. 555, 558 (1995). Moreover, his claim that his attorney "quit the case," PFR File, Tab 1 at 3, does not establish good cause for the filing delay, *see Lawson v. Department of Homeland Security*, 102 M.S.P.R. 185, ¶ 6 (2006); *Huskins v. U.S. Postal Service*, 100 M.S.P.R. 664, ¶ 6 (2006). Although the appellant asserts that his "mail" was sent to the wrong address, PFR File, Tab 1 at 3, it is not clear whether he is referring to the

---

[2] On September 18, 2019, the appellant mailed his petition for review to the Board's Central Regional Office, which then forwarded it to the Office of the Clerk of the Board. Petition for Review File, Tab 1 at 1, 10. A pleading submitted by mail generally is considered to be filed on the postmark date, 5 C.F.R. § 1201.4(*l*), even when it is submitted to the wrong Board office, *Branch v. Department of the Army*, 110 M.S.P.R. 663, ¶¶ 6-7 (2009). Thus, we find that September 18, 2019, is the filing date of the appellant's petition for review.

agency's decision notice or the Board's initial decision.[3]   In any event, the certificate of service attached to the initial decision, IAF, Tab 7, shows that it was sent by mail to his address of record, IAF, Tab 1 at 1, which is also the same return address identified in his petition for review, PFR File, Tab 1 at 2, 10.

Although the appellant's pro se status weighs in favor of finding good cause, this factor is outweighed by the remaining factors.  *See Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶¶ 8, 10 (2004).  Moreover, the length of the appellant's 5-month filing delay is significant.   *See Summerset v. Department of the Navy*, 100 M.S.P.R. 292, ¶ 7 (2005) (finding a 33-day filing delay significant).  In addition, the appellant has not presented any evidence of circumstances beyond his control or of unavoidable casualty or misfortune that prevented him from timely filing a petition for review.  Therefore, under the circumstances of this appeal, including the appellant's failure to respond to the Office of the Clerk of the Board's notice, we find that the appellant has failed to demonstrate due diligence or ordinary prudence that would establish good cause for his untimely filing.  *See Cabarloc v. Department of Veterans Affairs*, 112 M.S.P.R. 453, ¶¶ 9-11 (2009) (dismissing the pro se appellant's petition for review as untimely filed with no good cause shown for the 10-day delay when he failed to respond to the Clerk's notice regarding timeliness).

We reopen the appeal on our own motion, vacate the initial decision, and remand the appeal for further adjudication consistent with this Remand Order.

Parties who appear before the Board are expected to adhere to filing deadlines, and ordinarily, the Board will not reopen an appeal to cure the untimeliness of a petition for review.  *Gordon-Cureton v. U.S. Postal Service*, 107 M.S.P.R. 79, ¶ 11 (2007).  Still, the Board will not turn a blind eye to clear and material errors that have prejudiced a party's rights.  *Id.*  Notwithstanding the untimeliness of a petition for review, the Board has the discretion to reopen an

---

[3] The appellant has not alleged on review that he received the initial decision more than 5 calendar days after the February 28, 2019 date of its issuance.  *See* ID at 1.  Thus, he has not alleged or shown that he filed a timely petition for review.

appeal under 5 C.F.R. § 1201.118 to prevent a manifest injustice when an error implicates a party's basic procedural rights. *Id.* Moreover, the Board recognizes that reopening and reconsideration may be appropriate when there is clear and material legal error, such as a conflict between the holding of the decision and a controlling precedent, either because of oversight or a change in the controlling law. *McCarthy v. Merit Systems Protection Board*, 809 F.3d 1365, 1372-73 (Fed. Cir. 2016); *Beck v. General Services Administration*, 86 M.S.P.R. 489, 494 (2000). Here, as discussed below, the administrative judge did not have the benefit of the Board's decision in *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, which clarified the application of the 10-business-day time limit set forth at 38 U.S.C. § 714(c)(4)(B). ID at 3. Under *Wilson*, the appeal was not untimely filed. We therefore find it appropriate to reopen this appeal. *See Gordon-Cureton*, 107 M.S.P.R. 79, ¶ 11.

As set forth above, the agency took the instant action under the VA Accountability Act, which permits an employee to appeal a removal to the Board "not later than 10 business days after the date of" the action. 38 U.S.C. § 714(c)(4)(B). Because the agency effected the removal on September 24, 2018, an appeal under section 714(c)(4)(B) would have been due on or about October 9, 2018.[4] Thus, the appellant's December 3, 2018 Board appeal would be nearly 2 months untimely filed under the time limit set forth at section 714(c)(4)(B).

Nevertheless, section 714 is silent as to the procedures and filing times for a Board appeal in which, as here, an appellant seeks review of a matter within the Board's appellate jurisdiction and also raises a claim of discrimination or retaliation in violation of EEO statutes, known as a mixed case. *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶¶ 12, 17. An appellant has two options when filing a mixed case: (1) he may initially file a mixed-case EEO complaint with his employing agency followed by an appeal to the Board; or

---

[4] In calculating this deadline, we note that October 8, 2018, the second Monday in October, was designated a legal public holiday. 5 U.S.C. § 6103(a).

(2) he may file a mixed-case appeal with the Board and raise his discrimination claims in connection with that appeal. *Id.*, ¶ 13. An employee may file either a mixed-case complaint or a mixed-case appeal, but not both, and whichever is filed first is deemed an election to proceed in that forum. *Id.*

Under 5 U.S.C. § 7702(a)(2), an employee may file an EEO complaint in a mixed case, which an agency "shall resolve . . . within 120 days." If the agency fails to issue a final decision within 120 days, the employee's right to file a Board appeal vests and he may appeal to the Board "at any time" thereafter. 5 U.S.C. § 7702(a)(2), (e)(2); *Wilson*, 2022 MSPB 7, ¶ 13; 5 C.F.R. §§ 1201.151(a)(1), 1201.154(b)(2); 29 C.F.R. § 1614.302(d)(1)(i). In *Wilson*, 2022 MSPB 7, ¶ 19, which was issued after the initial decision in this case, the Board held that if an appealable action is taken under 38 U.S.C. § 714 against a "covered individual," like the appellant, and such individual has first filed a formal discrimination complaint with the agency from such action, the time limit at 5 U.S.C. § 7702(e)(2) applies to any Board appeal if the agency has not issued a decision within 120 days.

Here, the appellant filed a formal discrimination complaint with the agency on October 10, 2018, before he filed his December 3, 2018 Board appeal. IAF, Tab 1 at 16, 22. Thus, he elected to first proceed through the EEO complaint process before exercising his right to file a Board appeal, and the procedures and time limits of 5 U.S.C. § 7702(e)(2) and 5 C.F.R. § 1201.154(a)-(b) apply in this case. *See Wilson*, 2022 MSPB 7, ¶ 25; *see also Lang v. Merit Systems Protection Board,* 219 F.3d 1345, 1347 (Fed. Cir. 2000); *Augustine v. Department of Justice*, 100 M.S.P.R. 156, ¶ 7 (2005).

Under 5 C.F.R. § 1201.154(b)(2), if an appellant has timely filed a formal complaint of discrimination with his agency, and the agency has not resolved the matter or issued a final decision on the formal complaint with 120 days, he may appeal the matter directly to the Board at any time after the expiration of 120 calendar days. An appeal that would initially be considered prematurely filed

before the 120-day mark may later be found by the Board to be timely filed upon the expiration of the 120 days. *Augustine*, 100 M.S.P.R. 156, ¶¶ 9, 11; *see* 5 C.F.R. § 1201.154(c); *see also Wooten v. Department of Veterans Affairs,* 96 M.S.P.R. 671, ¶ 9 (2004) ("The Board's practice is to adjudicate an appeal that was premature when filed but becomes timely while pending before the Board.").

There is no indication that the agency dismissed the appellant's complaint of discrimination as untimely filed. Rather, the agency accepted it for investigation. IAF, Tab 1 at 16. In any event, it appears that the appellant timely filed his formal complaint of discrimination within 15 days of receiving notice of his right to do so. *See* 29 C.F.R. § 1614.106(b); IAF, Tab 1 at 16. Thus, there is no basis for finding that the time limit set forth at 5 C.F.R. § 1201.154(b) does not apply because of an untimely filed discrimination complaint. *See McCoy v. U.S. Postal Service*, 108 M.S.P.R. 160, ¶ 11 (2008); *Green v. Department of the Interior*, 72 M.S.P.R. 667, 671 (1996); *see also Moore v. U.S. Postal Service*, 91 M.S.P.R. 277, ¶ 8 (2002) (holding that the Board may not dismiss an appeal as untimely filed under section 1201.154 based on the untimeliness of a formal EEO complaint absent evidence of either a final agency decision dismissing the EEO complaint as untimely that was not appealed to the Equal Employment Opportunity Commission (EEOC), or a decision by the EEOC dismissing the complaint as untimely).

Having found that the appellant timely filed a formal discrimination complaint with the agency, his Board appeal, in turn, was filed before 120 days elapsed from the date he filed his discrimination complaint.[5] Under these circumstances, the appeal should have been dismissed without prejudice as prematurely filed. *See Williams v. Department of the Army*, 59 M.S.P.R. 477, 479-80 (1993). Because the 120-day period has now elapsed, however, and there is no indication that the agency has issued a final decision on the appellant's

[5] As set forth above, although the administrative judge ordered the agency to submit information regarding the status of any formal discrimination complaint filed by the appellant and any evidence regarding the timeliness issue, it did not do so.

formal discrimination complaint, we find that the appeal is currently ripe for adjudication and that remand is appropriate. *See Williams*, 59 M.S.P.R. at 480; *see also Kozak v. Department of Health and Human Services*, 90 M.S.P.R. 398, ¶ 7 (2001); *Johnson v. U.S. Postal Service*, 76 M.S.P.R. 289, 292 (1997); *Shalwala v. Small Business Administration*, 70 M.S.P.R. 168, 171 (1996). On remand, therefore, the administrative judge shall adjudicate the merits of the appeal.

After the agency removed the appellant, the Board and the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) issued decisions interpreting the VA Accountability Act. For example, the court determined that although the Board reviews the agency's action to determine if it is supported by substantial evidence pursuant to 5 U.S.C. § 714(d), the deciding official must determine whether the agency proved the misconduct underlying its action by preponderant evidence. *Rodgriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1296-1301 (Fed. Cir. 2021). The Board reviews an agency's improper application of the substantial evidence standard to determine if the error was harmful. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶¶ 21-24.

As another example, the court and the Board have both held that although the Board cannot mitigate the penalty pursuant to 38 U.S.C. § 714(d), it still reviews the penalty to determine whether the agency proved by substantial evidence that the deciding official properly considered the relevant factors under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), and whether the agency's penalty was reasonable, *Rodriguez*, 8 F.4th at 1301-03; *Semenov*, 2023 MSPB 16, ¶¶ 45-50. If not, the Board will remand the appellant's removal to the agency for a new decision. *Semenov*, 2023 MSPB 16, ¶ 50.

This case law applies to this appeal. *See id.*, ¶ 22 (finding that the holding in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place). However, it was issued after the February 28, 2019 initial decision. Further, the focus of the case below was on the timeliness issue. IAF, Tab 3.

Therefore, on remand the administrative judge should provide the parties with an opportunity to conduct discovery regarding the merits of the appeal, including any potential harmful error or penalty issues, before holding the appellant's requested hearing. IAF, Tab 1 at 1.

## ORDER

For the above reasons, we vacate the initial decision and remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.